Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Nechole M. Garcia, NV SBN 12746
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Boulevard South, Suite 8112
Las Vegas, NV 89101
Telephone: (702) 388-5072
Facsimile: (702) 388-5094
E-Mail: nechole.garcia@eeoc.gov

Eric Yau, HI SBN 10087
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 7-127
Honolulu, HI 96850
Telephone: (808) 541-3133
Facsimile: (808) 541-3390
E-mail: eric.yau@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                    Plaintiff,<br><br>          vs.<br><br>NEVADA HEALTH CENTERS, INC., ULTRACARE LAS VEGAS and Does 1-5 Inclusive,<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT—Title VII**<br>• **Sex Discrimination, Male (Discharge)**<br><br>**(42 U.S.C. §§2000e, et seq.)**<br><br>**JURY TRIAL DEMAND** |

-1-

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (male) and to provide appropriate relief to David Matlock ("Charging Party"). As set forth with greater particularity in paragraphs 20 to 30 of this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendant Nevada Health Centers, Inc. ("Nevada Health"), Defendant Ultracare Las Vegas ("Ultracare"), and Does 1-5 (collectively "Defendants") are liable for unlawfully discriminating against Charging Party by terminating his employment based on sex, male.

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2.      This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Nevada.

**PARTIES**

4.      The Commission, the Plaintiff, is an agency of the United States of America, charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action under Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5.      At all relevant times, Defendant Nevada Health Centers, Inc. has been a corporation doing business in the State of Nevada, and has continuously had at least fifteen (15) employees.

6.      At all relevant times, Defendant Nevada Health Centers, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).

1    7.    At all relevant times, Defendant Ultracare Las Vegas has been a corporation
2  doing business in the State of Nevada, and has continuously had at least fifteen (15) employees.

3    8.    At all relevant times, Defendant Ultracare Las Vegas has continuously been an
4  employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g)
5  and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).

6    9.    At all relevant times, Defendant Ultracare employed David Matlock.  In 2012,
7  Defendant Ultracare entered into an employment agreement with David Matlock to work as an
8  ultrasound technician.  Defendant Ultracare controlled the terms and conditions of David
9  Matlock's employment.

10    10.   At all relevant times, Defendant Nevada Health was a joint employer of David
11  Matlock by controlling the terms and conditions of his employment.  The facts establishing that
12  Defendant Nevada Health was a joint employer, include the following:

13        (a)    Defendant Nevada Health controlled David Matlock's worksite and his
14               hours and appointments.

15        (b)    Defendant Nevada Health provided all the equipment for David Matlock's
16               to do his work.

17        (c)    Defendant Nevada Health required David Matlock to adhere to Nevada
18               Health's policies in performing his duties as a ultrasound technician,
19               including but not limited to policies for conducting transvaginal
20               ultrasound examinations.

21        (d)    Nevada Health had the authority to cease David Matlock's work at its
22               facility.

23        (e)    Nevada Health had the authority to request Ultracare to dispatch a
24               particular technician, including possessing the right to terminate the
25               contract with Ultracare without recourse if Ultracare failed to heed
26               specific requests for particular technicians.

27  / / /
28  / / /

-3-

1    11.    Defendants Nevada Health and Ultracare are persons against whom a right to

2  relief is asserted jointly, severally, or out of the same transaction or series of transactions.

3  Additionally, questions of law or fact common to all Defendants will arise in this action.  Joint

4  employers are named as parties pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure

5  in that Nevada Health and Ultracare, at all relevant times, acted as joint employers with regard to

6  Charging Party.

7    12.    All of the acts and failures to act alleged herein were duly performed by and

8  attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect

9  employer, joint employer, integrated enterprise and/or or under the direction and control of the

10  others, except as specifically alleged otherwise.  Said acts and failures to act were within the

11  scope of such agency and/or employment, and each Defendant participated in, approved and/or

12  ratified the unlawful acts and omissions by the other Defendants complained of herein.

13  Whenever and wherever reference is made in this Complaint to any act by a Defendant or

14  Defendants, such allegations and reference shall also be deemed to mean the acts and failures to

15  act of each Defendant acting individually, jointly, and/or severally.

16    13.    Plaintiff is ignorant of the true names and capacities of each Defendant sued as

17  Does 1 through 5, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names.

18  Plaintiff reserves the right to amend the complaint to name each Doe defendant individually or

19  collectively as they become known.  Plaintiff alleges that each Doe defendant was in some

20  manner responsible for the acts and omissions alleged herein and Plaintiff will amend the

21  complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

22                                **STATEMENT OF CLAIMS**

23    14.    More than thirty days prior to the institution of this lawsuit, Charging Party filed a

24  charge of discrimination with the Commission alleging violations of Title VII by Defendants.

25    15.    On August 18, 2015, the Commission issued to Defendants a Letter of

26  Determination finding reasonable cause to believe that Defendants had violated Title VII and

27  inviting Defendants to join with the Commission in informal methods of conciliation to endeavor

28  to eliminate the discriminatory practices and provide appropriate relief.

1       16.     The Commission engaged in communications with Defendants to provide

2 Defendants the opportunity to remedy the discriminatory practices described in the Letter of

3 Determination.

4       17.     The Commission was unable to secure through informal methods of conciliation,

5 including but not limited to an in-person conciliation conference, from Defendants a conciliation

6 agreement acceptable to the Commission.

7       18.     On October 21, 2015, the Commission issued to Defendants a Notice of Failure of

8 Conciliation.

9       19.     All conditions precedent to the institution of this lawsuit have been fulfilled.

10       20.     Since at least 2012, Defendants have engaged in unlawful employment practices

11 because of his sex (male) in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2, resulting

12 in his discharge.

13       21.     On November 19, 2012, Defendant Ultracare entered into an employment

14 agreement with David Matlock to be employed as a full-time ultrasound technician.

15       22.     Defendants Nevada Health and Ultracare entered into a service contract for 2010

16 to 2013 whereby Defendant Ultracare agreed to provide ultrasound technicians to Nevada Health

17 for a flat fee, and that Nevada Health would make all ultrasound appointments and provide all

18 instruments, supplies and equipment to the ultrasound technicians as needed.

19       23.     At Defendant Nevada Health's request for an ultrasound technician at one of its

20 facilities, Defendant Ultracare assigned David Matlock to work for Defendant Nevada Health as

21 an ultrasound technician beginning around November 19, 2012.

22       24.     David Matlock worked in the ultrasound sound room at one of Defendant Nevada

23 Health's facilities with Defendant Nevada Health providing the ultrasound equipment.

24       25.     Defendant Nevada Health had a policy requiring a female employee to serve as a

25 chaperone when a male staff such as a doctor, nurse, or ultrasound technician would conduct a

26 transvaginal examination or ultrasound.  Only seven transvaginal ultrasounds or examinations

27 were performed during David Matlock's tenure at the Nevada Health facility.

28 / / /

1    26.    As part of his duties, David Matlock performed transvaginal ultrasounds or
2  examinations.  Because David Matlock was a male, Defendant Nevada Health had a female
3  employee act as a chaperone when he had to conduct transvaginal ultrasounds.

4    27.    Sometime in December of 2012, Defendant Nevada Health decided to stop
5  providing David Matlock with a female chaperone.  Nevada Health then requested Ultracare to
6  dispatch either a female escort or a female ultrasound technician.

7    28.    As a result of Nevada Health's request, Defendant Ultracare decided not to assign
8  David Matlock to work for Defendant Nevada Health because of his gender (male) and replaced
9  him with a female ultrasound technician to work for Defendant Nevada Health.

10    29.    Thus, Defendant Nevada Health was not only aware of the decision but in fact
11  actively contributed to David Matlock's removal from his position due to his gender (male).
12  Defendant Nevada Health failed to take corrective measures to prevent the discrimination
13  perpetrated against David Matlock because of his gender (male).

14    30.    Because of the decisions by both Defendant Nevada Health and Defendant
15  Ultracare, David Matlock last worked for Defendant Nevada Health around January 4, 2013.

16    31.    The effect of the practices complained as described in paragraphs 20 to 30 has
17  been to deprive Charging Party of equal employment opportunities.

18    32.    The unlawful employment practices complained of in paragraph 20 to 30 above
19  were intentional and caused Charging Party to suffer emotional distress.

20    33.    The unlawful employment practices complained of in paragraphs 20 to 30 above
21  were done with malice or with reckless indifference to the federally protected rights of Charging
22  Party.

23                              **PRAYER FOR RELIEF**

24    Wherefore, the Commission respectfully requests that this Court:

25    A.    Grant a permanent injunction enjoining Defendants, their officers, successors,
26  assigns, and all persons in active concert or participation with each of them, from engaging in
27  any employment practices which discriminate on the basis of sex (male);

28  / / /

-6-

1    B.    Order Defendants to institute and carry out policies, practices, and programs
2  which prohibit discrimination based on sex (male) and any other employment practice which
3  discriminates based on basis of sex (male), and which eradicates the effects of its past and
4  present unlawful employment practices;

5    C.    Order Defendants to make Charging Party whole by providing compensation for
6  past and future pecuniary losses, including appropriate back pay and front pay with prejudgment
7  interest on any lost pay and benefits, in amounts to be determined at trial;

8    D.    Order Defendants to make Charging Party whole by providing compensation for
9  past and future non-pecuniary losses resulting from the unlawful employment practices
10  complained of above, including emotional pain, suffering, inconvenience, mental anguish,
11  humiliation and loss of enjoyment of life, in amounts to be determined at trial;

12    E.    Order each Defendant to pay Charging Party punitive damages for its intentional,
13  malicious, and reckless conduct described above in an amount to be determined at trial;

14    F.    Award the Commission its costs of this action; and

15    G.    Grant such further relief as the Court deems necessary and proper in the public
16  interest.

17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: June 22, 2016          Respectfully Submitted

P. DAVID LOPEZ,
General Counsel

JAMES LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By: _____
ANNA Y. PARK,
Regional Attorney

SUE J. NOH,
Supervisory Trial Attorney

RUMDUOL VUONG,
Supervisory Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

-8-