BRUCE C. YOUNG, ESQ., Bar #5560
KATHRYN B. BLAKEY, ESQ., Bar #12701
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway, Suite 300
Las Vegas, NV  89169-5937
Telephone:    702.862.8800
Fax No.:       702.862.8811
Email: byoung@littler.com
Email: kblakey@littler.com

Attorneys for Defendant
NEVADA HEALTH CENTERS, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA HEALTH CENTERS, INC., ULTRACARE LAS VEGAS and DOES 1-5, inclusive,<br><br>Defendants. | Case No. 2:16-cv-01495-JAD-PAL<br><br>**STIPULATION TO AMEND DEFENDANT NEVADA HEALTH CENTER, INC.'S ANSWER TO COMPLAINT** |

Defendant NEVADA HEALTH CENTERS, INC. ("Defendant NVHC"), by and through its counsel of record, and U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("Plaintiff"), by and through its counsel of record, hereby stipulate to allow Defendant NVHC to file a First Amended Answer to Plaintiff's Complaint in order to formally assert additional and/or modified affirmative defenses.

**I.    BACKGROUND**

Plaintiff filed its Complaint against the Defendant in this matter on June 23, 2016 [**ECF No. 1**]. Defendant filed its Answer to the Complaint on September 9, 2016. [**ECF No. 13**]. The Parties held their initial case conference pursuant to Federal Rules of Civil Procedure Rule 26(f) on October 12, 2016. After the Rule 26(f) conference Defendant requested leave to Amend its Answer to include additional affirmative defenses. Plaintiff agreed to this request. A copy of Defendant's

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

proposed First Amended Answer is attached hereto as **Exhibit 1**. The deadline to add parties and amend pleadings has not yet been set. Therefore, this request is timely.

## II.  PROPOSED AMENDMENTS

Pursuant to Federal Rule of Civil Procedure 15(a), Defendant seeks to amend its Answer to add/amend the following affirmative defenses:

6. For and as a sixth, separate and affirmative defense to the Complaint, NVHC alleges that any actions taken concerning the Charging Party were taken for legitimate, non-discriminatory business reasons consistent with federal laws, state laws and public policies. By asserting this affirmative defense, Defendant is not admitting that it was the Charging Party's employer or joint employer and Defendant specifically asserts that no such employment relationship with the Charging Party existed.

7. For and as a seventh, separate and affirmative defense to the Complaint, NVHC alleges that any and all acts taken by NVHC were just, fair, privileged, with good cause, in good faith, and without malice. By asserting this affirmative defense, Defendant is not admitting that it was the Charging Party's employer or joint employer and Defendant specifically asserts that no such employment relationship with the Charging Party existed.

8. For and as an eighth, separate and affirmative defense to the Complaint, NVHC alleges that if Plaintiff is adjudged to be entitled to any recovery, then NVHC is entitled to a set-off for any compensation, including without limitation to, unemployment compensation, wages, salaries and/or social security payments, received by Charging Party. By asserting this affirmative defense, Defendant is not admitting that it was the Charging Party's employer or joint employer and Defendant specifically asserts that no such employment relationship with the Charging Party existed.

9. For and as a ninth, separate and affirmative defense to the Complaint, NVHC alleges Plaintiff is not entitled to punitive damages because the alleged misconduct would be contrary to NVHC's good faith efforts to comply with the Title VII and any amendments thereto. Further, any claim for punitive damages is invalid on its face or as applied to NVHC pursuant to Article IV, Section 2 and the 1st, 6th, 8th, and 14th Amendments to the Constitution of the United States. By asserting this affirmative defense, Defendant is not admitting that it was the Charging Party's employer or joint employer and Defendant specifically asserts that no such employment relationship with the Charging

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

1   Party existed.

2   11.   For and as an eleventh, separate and affirmative defense to the Complaint, any alleged damages under Title VII are limited to any applicable statutory cap including, but not limited to, the statutory cap set forth in 42 U.S.C. § 1981(a). By asserting this affirmative defense, Defendant is not admitting that it was the Charging Party's employer or joint employer and Defendant specifically asserts that no such employment relationship with the Charging Party existed.

12.   For and as a twelfth, separate and affirmative defense, NVHC alleges that alleges that NVHC's conduct towards Charging Party was fully justified based upon *bona fide* occupational qualifications. By asserting this affirmative defense, Defendant is not admitting that it was the Charging Party's employer or joint employer and Defendant specifically asserts that no such employment relationship with the Charging Party existed.

13.   For and as a thirteenth, separate and affirmative defense, Defendant alleges that Plaintiff's claims are barred as to Defendant, in whole or in part, because Defendant was not an employer or joint employer of the Charging Party.

14.   For and as a fourteenth, separate and affirmative defense, Defendant alleges that it is not legally responsible for any damages claimed by Plaintiff. If, however, Defendant is found to be legally responsible, Defendant's legal responsibilities are not the sole and proximate cause of any injury, and damages awarded to Plaintiff, if any, should be apportioned according to the respective fault and legal responsibility of all parties, persons and entities, and/or the agents, servants, and employees who contributed to and/or caused said incidents to proof presented at the time of trial. By asserting this affirmative defense, Defendant is not admitting that it was the Charging Party's employer or joint employer and Defendant specifically asserts that no such employment relationship with the Charging Party existed.

15.   For a fifteenth, separate and affirmative defense, because the Complaint is couched in conclusory and vague terms, NVHC cannot fully anticipate all affirmative defenses that may be applicable to this case. Accordingly, NVHC hereby reserves the right to assert additional affirmative defenses.

///

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

### III. CONCLUSION

The Parties hereby stipulate and agree that Defendant shall be permitted to file the First Amended Answer attached hereto as **Exhibit 1**. The First Amended Answer shall be deemed filed as of the date of the Court's Order on this Stipulation.

**IT IS SO STIPULATED:**

Dated: October 17, 2016

_____
BRUCE C. YOUNG, ESQ.
KATHRYN B. BLAKEY, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
NEVADA HEALTH CENTERS, INC.

Dated: October 17th, 2016

_____
NECHOLE M. GARCIA, ESQ.
ERIC YAU, ESQ.
ANNA Y. PARK, ESQ.
SUE J. NOH, ESQ.
RUMDOL VUONG, ESQ.

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**IT IS ORDERED** that the parties' Stipulation (ECF No. 17) is **GRANTED**. Defendant Nevada Health Care Center shall forthwith separately file it's Amended Answer which it attached as Exhibit 1 to the stipulation.

Dated this 24th day of October, 2016.

_____
Peggy A. Leen
United States Magistrate Judge

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, NV 89169. On October 17, 2016, I served the within document:

**STIPULATION TO AMEND DEFENDANT NEVADA HEALTH CENTER, INC.'S ANSWER TO COMPLAINT**

☑ by serving the following parties electronically through CM/ECF.

☐ by placing a true copy of the document listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Las Vegas, Nevada addressed as set forth below.

| | |
|---|---|
| Anna Y. Park, Esq.<br>Sue J. Noh, Esq.<br>Rumduol Vuong, Esq.<br>U.S. Equal Employment Opportunity Commission<br>255 E. Temple St., 4th Floor<br>Los Angeles, CA 90012 | Nechole M. Garcia, Esq.<br>U.S. Equal Employment Opportunity Commission<br>333 Las Vegas Blvd., South<br>Suite 8112<br>Las Vegas, NV 89101 |
| Eric Yau, Esq.<br>U.S. Equal Employment Opportunity Commission<br>300 Ala Moana Blvd., Room 7-127<br>Honolulu, HI 96850 | Donald J. Green, Esq.<br>4760 S. Pecos Rd., Suite 103<br>Las Vegas, NV 89121<br>Attorney for UltraCare Las Vegas |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 17, 2016, at Las Vegas, Nevada.

_____
Maribel Rodriguez

Firmwide:143290930.1 069844.1003

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

## EXHIBIT INDEX

| No.: | Name: |
|---|---|
| 1 | Defendant Nevada Health Center, Inc's Amended Answer to Plaintiff's Complaint and Demand for Jury Trial |

# EXHIBIT "1"

# Defendant Nevada Health Center, Inc.'s Amended Answer to Plaintiff's Complaint and Demand for Jury Trial

# EXHIBIT "1"

# Defendant Nevada Health Center, Inc.'s Amended Answer to Plaintiff's Complaint and Demand for Jury Trial

BRUCE C. YOUNG, ESQ., Bar #5560
KATHRYN B. BLAKEY, ESQ., Bar #12701
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway, Suite 300
Las Vegas, NV 89169-5937
Telephone: 702.862.8800
Fax No.: 702.862.8811
Email: byoung@littler.com
Email: kblakey@littler.com

Attorneys for Defendant
NEVADA HEALTH CENTERS, INC.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA HEALTH CENTERS, INC., ULTRACARE LAS VEGAS and DOES 1-5, inclusive,<br><br>Defendants. | Case No. 2:16-cv-01495-JAD-PAL<br><br>**DEFENDANT NEVADA HEALTH CENTER, INC.'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant NEVADA HEALTH CENTERS, INC. (hereinafter "NVHC"), by and through its attorneys of record, Littler Mendelson, hereby files this Amended Answer to Plaintiff's Complaint, and states as follows:

## NATURE OF THE ACTION

NVHC acknowledges Plaintiff EEOC is alleging in the paragraph entitled "NATURE OF THE ACTION" that this action is being brought under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. To the extent that Plaintiff is alleging in the paragraph entitled "NATURE OF THE ACTION" that NVHC violated these statutes or is liable for unlawful discrimination pursuant to these statutes, NVHC denies such allegations.

## JURISDICTION AND VENUE

1. NVHC admits the allegations in Paragraph 1 of the Complaint that Plaintiff is

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

1 | invoking the jurisdiction of this Court.

2. NVHC admits the allegations in Paragraph 2 of the Complaint.

3. NVHC admits the allegations in Paragraph 3 of the Complaint.

**PARTIES**

4. NVHC admits the allegations in Paragraph 4 of the Complaint.

5. NVHC admits the allegations in Paragraph 5 of the Complaint.

6. NVHC admits the allegations in Paragraph 6 of the Complaint.

7. NVHC is without sufficient information or belief to admit or deny the veracity of the allegations set forth in Paragraph 7 of the Complaint and on that basis denies the same.

8. NVHC is without sufficient information or belief to admit or deny the veracity of the allegations set forth in Paragraph 8 of the Complaint and on that basis denies the same.

9. NVHC admits the allegations in Paragraph 9 of the Complaint that at all relevant times, Defendant UltraCare employed David Matlock and that Defendant UltraCare controlled the terms and conditions of David Matlock's employment. NVHC is without sufficient information or belief to admit or deny the veracity of the remaining allegations set forth in Paragraph 9 of the Complaint and on that basis denies the same.

10. NVHC denies the allegations in Paragraph 10 of the Complaint that it was a joint employer of David Matlock.

   a. NVHC denies the allegations in Paragraph 10a of the Complaint.

   b. NVHC denies the allegations in Paragraph 10b of the Complaint.

   c. NVHC admits the allegations in Paragraph 10c of the Complaint.

   d. NVHC denies the allegations in Paragraph 10d of the Complaint.

   e. NVHC denies the allegations in Paragraph 10e of the Complaint.

11. NVHC acknowledges Plaintiff is alleging in Paragraph 11 of the Complaint that "Nevada Health and UltraCare are persons against whom a right to relief is asserted jointly, severally, or out of the same transactions or series of transactions," that "questions of law or fact common to all Defendants will arise in this action," and that "[j]oint employers are named as parties pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure." These conclusions are not facts

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

2.

that NVHC can admit or deny. Nevertheless to the extent that Plaintiff is attempting to allege facts, NVHC denies each and every allegation set forth in Paragraph 11.

12. NVHC denies the allegations in Paragraph 12 of the Complaint.

13. NVHC is without sufficient information or belief to admit or deny the veracity of the allegations set forth in Paragraph 13 of the Complaint that Plaintiff is ignorant of the true names and capacities of each Defendant sued as Does 1 through 5, and on that basis denies the same. NVHC denies the remaining allegations in Paragraph 13 of the Complaint.

## STATEMENT OF CLAIMS

14. As to itself and no other named defendant, NVHC admits the allegations in Paragraph 14 of the Complaint that David Matlock ("the Charging Party") filed a charge of discrimination with the EEOC. NVHC denies the allegations in Paragraph 14 of the Complaint to the extent that they suggest that NVHC engaged in any discriminatory practice(s).

15. As to itself and no other named defendant, NVHC admits that on or about August 18, 2015, the EEOC issued a Letter of Determination in which it made a finding of reasonable cause to believe a violation of Title VII had occurred and invited NVHC to join with the EEOC "in a collective effort toward a just resolution" of the matter. NVHC denies the remaining allegations in Paragraph 15 of the Complaint to the extent that they suggest that NVHC engaged in any discriminatory practice(s).

16. As to itself and no other named defendant, NVHC admits the allegations in Paragraph 16 of the Complaint that the EEOC engaged in communications with NVHC in an attempt to satisfy its statutory obligation to attempt to conciliate the matter based on its determination. NVHC denies the remaining allegations in Paragraph 16 of the Complaint to the extent that they suggest that NVHC engaged in any discriminatory practice(s).

17. As to itself and no other named defendant, NVHC admits the allegations in Paragraph of the Complaint that informal methods of conciliation were attempted by the EEOC. NVHC is without sufficient information or belief to admit or deny the veracity of the allegations set forth in Paragraph 17 of the Complaint that the Commission was unable to secure a conciliation agreement acceptable to the Commission with UltraCare, and on that basis denies the same.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169 5937
702 862 8800

18. As to itself and no other named defendant, NVHC admit the allegations in Paragraph 18 of the Complaint that on or about October 21, 2015, the Director of the Las Vegas Local Office of the EEOC, Richard Burgamy, sent a letter on behalf of the EEOC to NVHC indicating that the EEOC had determined "that further conciliation efforts would be futile or non-productive." NVHC denies the remaining allegations in Paragraph 18 of the Complaint.

19. NVHC is without sufficient information or belief to admit or deny the veracity of the allegations set forth in Paragraph 19 of the Complaint and on that basis denies the same.

20. As to itself and no other named defendant, NVHC denies the allegations in Paragraph 20 of the Complaint.

21. NVHC is without sufficient information or belief to admit or deny the veracity of the allegations set forth in Paragraph 21 of the Complaint and on that basis denies the same.

22. NVHC admits the allegations in Paragraph 22 of the Complaint that it entered into a service contract with UltraCare on or about February 11, 2010 for UltraCare to provide quality ultrasound services to Nevada Health Care patients for a daily fee, and that Nevada Health Care would develop and maintain the appointment schedule for the UltraCare ultrasound technician(s) and supply the instruments, supplies and equipment needed. NVHC denies the remaining allegations in Paragraph 22 of the Complaint.

23. NVHC denies the allegations in Paragraph 23 of the Complaint.

24. NVHC admits the allegations in Paragraph 24 of the Complaint.

25. NVHC admits the allegations in Paragraph 25 of the Complaint that NVHC had a policy requiring a female employee to be present as a chaperone when male doctors, nurses or ultrasound technicians performed procedures involving transvaginal examination or ultrasound. NVHC admits that during the time frame that David Matlock indicated he was assigned by UltraCare to perform ultrasound services at a NVHC facility, seven transvaginal ultrasounds were performed at that facility. NVHC denies the remaining allegations set forth in Paragraph 25.

26. NVHC admits the allegations in Paragraph 26 of the Complaint.

27. NVHC denies the allegations in Paragraph 27 of the Complaint.

28. NVHC denies the allegations in Paragraph 28 of the Complaint.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169 5937
702.862.8800

4.

29. NVHC denies the allegations in Paragraph 29 of the Complaint.

30. NVHC admits the allegations in Paragraph 30 of the Complaint that David Matlock last performed work as an UltraCare employee at a Nevada Health Center Facility on or about January 4, 2013. NVHC denies the remaining allegations in Paragraph 30 of the Complaint.

31. NVHC denies the allegations in Paragraph 31 of the Complaint.

32. NVHC denies the allegations in Paragraph 32 of the Complaint.

33. NVHC denies the allegations in Paragraph 33 of the Complaint.

## PRAYER FOR RELIEF

NVHC is not required to respond to Plaintiff's Request and Prayer for Relief. However, to the extent Plaintiff's Request and Prayer for Relief asserts any factual allegations, NVHC denies each and every allegation set forth in Plaintiff's Request and Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. For and as a first, separate and affirmative defense to the Complaint, NVHC alleges that the Complaint fails to state facts sufficient to constitute any cause of action or set forth any claim upon which relief can be granted.

2. For and as a second, separate and affirmative defense to the Complaint, NVHC alleges that Plaintiff's claims are barred by the applicable statutes of limitation.

3. For and as a third, separate and affirmative defense to the Complaint, NVHC alleges upon information and belief that any relief to which Plaintiff may be entitled to recover on behalf of the Charging Party is barred and/or limited by the after-acquired evidence doctrine.

4. For and as a fourth, separate and affirmative defense to the Complaint, NVHC alleges that the Charging Party has failed to mitigate his alleged damages.

5. For and as a fifth, separate and affirmative defense to the Complaint, NVHC alleges that Plaintiff failed to properly exhaust all available administrative, statutory and/or contractual remedies.

6. For and as a sixth, separate and affirmative defense to the Complaint, NVHC alleges that any actions taken concerning the Charging Party were taken for legitimate, non-discriminatory business reasons consistent with federal laws, state laws and public policies. By asserting this

LITTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

affirmative defense, Defendant is not admitting that it was the Charging Party's employer or joint employer and Defendant specifically asserts that no such employment relationship with the Charging Party existed.

7. For and as an seventh, separate and affirmative defense to the Complaint, NVHC alleges that any and all acts taken by NVHC were just, fair, privileged, with good cause, in good faith, and without malice. By asserting this affirmative defense, Defendant is not admitting that it was the Charging Party's employer or joint employer and Defendant specifically asserts that no such employment relationship with the Charging Party existed.

8. For and as an eighth, separate and affirmative defense to the Complaint, NVHC alleges that if Plaintiff is adjudged to be entitled to any recovery, then NVHC is entitled to a set-off for any compensation, including without limitation to, unemployment compensation, wages, salaries and/or social security payments, received by Charging Party. By asserting this affirmative defense, Defendant is not admitting that it was the Charging Party's employer or joint employer and Defendant specifically asserts that no such employment relationship with Plaintiff existed.

9. For and as a ninth, separate and affirmative defense to the Complaint, NVHC alleges Plaintiff is not entitled to punitive damages because the alleged misconduct would be contrary to NVHC's good faith efforts to comply with the Title VII and any amendments thereto. Further, any claim for punitive damages is invalid on its face or as applied to NVHC pursuant to Article IV, Section 2 and the 1st, 6th, 8th, and 14th Amendments to the Constitution of the United States. By asserting this affirmative defense, Defendant is not admitting that it was the Charging Party's employer or joint employer and Defendant specifically asserts that no such employment relationship with the Charging Party existed.

10. For and as a tenth, separate and affirmative defense to the Complaint, NVHC is informed and believes and thereupon alleges that Plaintiffs claims are barred, in whole or in part, by the doctrines of estoppel, laches, and unclean hands.

11. For and as an eleventh, separate and affirmative defense to the Complaint, any alleged damages under Title VII are limited to any applicable statutory cap including, but not limited to, the statutory cap set forth in 42 U.S.C. § 1981(a). By asserting this affirmative defense,

LITTLER MENDELSON, P C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas NV 89169-5937
702 862 8800

Defendant is not admitting that it was the Charging Party's employer or joint employer and Defendant specifically asserts that no such employment relationship with the Charging Party existed.

12. For and as a twelfth, separate and affirmative defense, NVHC alleges that alleges that NVHC's conduct towards the Charging Party was fully justified based upon *bona fide* occupational qualifications. By asserting this affirmative defense, Defendant is not admitting that it was the Charging Party's employer or joint employer and Defendant specifically asserts that no such employment relationship with the Charging Party existed.

13. For and as a thirteenth, separate and affirmative defense, Defendant alleges that Plaintiff's claims are barred as to Defendant, in whole or in part, because Defendant was not an employer or joint employer of the Charging Party.

14. For and as a fourteenth, separate and affirmative defense, Defendant alleges that it is not legally responsible for any damages claimed by Plaintiff. If, however, Defendant is found to be legally responsible, Defendant's legal responsibilities are not the sole and proximate cause of any injury, and damages awarded to Plaintiff, if any, should be apportioned according to the respective fault and legal responsibility of all parties, persons and entities, and/or the agents, servants, and employees who contributed to and/or caused said incidents to proof presented at the time of trial. By asserting this affirmative defense, Defendant is not admitting that it was the Charging Party's employer or joint employer and Defendant specifically asserts that no such employment relationship with the Charging Party existed.

15. For and as a fifteenth, separate and affirmative defense, because the Complaint is couched in conclusory and vague terms, NVHC cannot fully anticipate all affirmative defenses that may be applicable to this case. Accordingly, NVHC hereby reserves the right to assert additional affirmative defenses.

WHEREFORE, Defendant NVHC prays that:

1. The Complaint be dismissed in its entirety with prejudice and that Plaintiff take nothing by way of its Complaint;

2. Judgment be entered against Plaintiff and in favor of Defendant NVHC;

3. Defendant NVHC be awarded its costs of defense and reasonable attorneys' fees; and,

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

4. The Court award Defendant NVHC such other and further relief as it deems appropriate.

Dated: October 17, 2016

Respectfully submitted,

*[signature]*

BRUCE C. YOUNG, ESQ.
KATHRYN B. BLAKEY, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
NEVADA HEALTH CENTERS, INC.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

8.